UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM ROBEY,<br><br>                              Plaintiff,<br><br>          v.<br><br>CITY OF SEATTLE, et al.,<br><br>                              Defendant. | CASE NO. 22-CV-00685-LK<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

## I.     INTRODUCTION

This matter comes before the Court on *pro se* Plaintiff William Robey's Complaint, Dkt. No. 6, Motion for Injunction and Restraining Orders, Dkt. No. 4, and Motion for Summary Judgment, Dkt. No. 7. Magistrate Judge S. Kate Vaughan granted Mr. Robey's application to proceed *in forma pauperis* ("IFP") but recommended screening his complaint under 28 U.S.C. § 1915(e)(2)(B). Having reviewed the complaint, the record, and the applicable law, the Court dismisses Mr. Robey's action without prejudice and denies his motions.

## II. BACKGROUND

Mr. Robey receives federally funded rental assistance through the "Section 8" Housing Choice Voucher Program, which is administered at the local level by the Seattle Housing Authority ("SHA"). Dkt. No. 6 at 13, 19–20; *see* 42 U.S.C. § 1437f(o). Although Section 8 tenants sign a lease and pay a portion of their income toward rent, SHA subsidizes the unpaid portion pursuant to a contract between it and the property owner. *See Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1202 (9th Cir. 2009); *Nozzi v. Hous. Auth.*, 806 F.3d 1178, 1184 (9th Cir. 2015). This rental assistance is not without conditions. "Once a participant has qualified and been awarded a Section 8 voucher, that person must conform to a variety of regulations," and failure to do so "is grounds for termination from the program." *Hendrix v. Seattle Hous. Auth.*, No. C07-657-MJP, 2007 WL 3357715, at *1 (W.D. Wash. Nov. 9, 2007). One condition of the voucher program is that a tenant "must allow [SHA] to inspect [his] unit at reasonable times and after reasonable notice." 24 C.F.R. § 982.551(d); *see also* 42 U.S.C. § 1437f(o)(8)(D)(i) ("Each public housing agency providing assistance under this subsection . . . shall, for each assisted dwelling unit, make inspections not less often than biennially during the term of the housing assistance payments contract for the unit to determine whether the unit is maintained in accordance with the requirements under subparagraph (A).").

On May 10, 2022, SHA mailed Mr. Robey an Annual Inspection Appointment Letter. *See* Dkt. No. 6 at 13. This document informed him that, "[i]n accordance with the Housing Choice Voucher Program requirements," a biennial inspection of his unit is scheduled for June 10, 2022 between 8:00 am and 4:00 pm. *Id.* Mr. Robey promptly sued the City of Seattle, SHA, Bruce Harrell (the Mayor of Seattle), and the Seattle City Council for "violations [of] multiple federal statutes," including 18 U.S.C. §§ 241, 242, and 1201, and a "warrantless arrest" in violation of the

Fourth Amendment.[1] Dkt. No. 6 at 1–4. Mr. Robey further alleges that he was "illegally imprisoned against [his] will" and references "the privacy laws of the United States[.]" *Id.* at 5; *see also id.* at 8, ¶1.2 ("SHA commands restraint against the above plaintiff dated 6-10-2022 from 0800 through 1600 hours"). He seeks injunctive relief and $1.85 billion "per offense" in damages. *Id.* at 4.

### III. ANALYSIS

Under 28 U.S.C. § 1915(e), the district court must dismiss a case where the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Section 1915(a) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957)*, abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Mr. Robey's pleadings demonstrate that he is not entitled to relief.

---

[1] Mr. Robey has previously filed two lawsuits in this Court. Both cases were dismissed. *See Robey v. King Cnty.*, No. 13-CV-01538-JLR, Dkt. No. 5 at 3–4 (W.D. Wash. 2013) (finding complaint frivolous under section 1915(e)(2)(B) and dismissing it without prejudice); *Robey v. Seattle Hous. Auth./Porch Light*, No. 07-CV-00568-TSZ, Dkt. No. 8 at 1 (W.D. Wash. 2007) (dismissing complaint without prejudice for failure to state a claim and striking motion for declaratory judgment).

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE - 3

Even construed liberally, Mr. Robey's complaint is factually frivolous and fails to state a claim. His allegations that SHA or any of the named defendants will kidnap, imprison, or otherwise restrain him by conducting the annual inspection are baseless. Mr. Robey also fails to provide a coherent factual background, support his miscellaneous legal citations with explanatory analysis, or develop his claims beyond bare assertions. *See* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain factual content sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged").[2] These unadorned references are insufficient to state a claim for relief. *See Custer v. United States Dep't of Treasury*, No. C18-669-RAJ, 2018 WL 5312202, at *1 (W.D. Wash. Oct. 26, 2018). Nor does Mr. Robey specify which claims he is asserting against which defendants. *See Twombly*, 550 U.S. at 555 (a complaint must give the defendant fair notice of the claim and the facts on which it rests).

To the extent Mr. Robey advances a Fourth Amendment claim, this too fails. *See* Dkt. No. 6 at 9 (citing the Fourth Amendment). The Supreme Court has held that home visits for welfare verification purposes are not searches under the Fourth Amendment. *See Wyman v. James,* 400 U.S. 309, 317–18 (1971). Mr. Robey has not alleged any facts that would distinguish this case from *Wyman*. *See also Sanchez v. Cnty. of San Diego*, 464 F.3d 916, 922–23 (9th Cir. 2006).

Because his complaint is deficient, Mr. Robey is not entitled to injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (a plaintiff seeking a preliminary injunction must show, among other things, a likelihood of success on the merits); *Malevannaya v. T-Mobile*, No. C18-0886-JLR, 2018 WL 3023085, at *2 (W.D. Wash. June 18, 2018) ("[A] TRO is appropriate if Plaintiffs demonstrate 'serious questions going to the merits' and that 'the balance

---

[2] Robey also attached to his complaint a copy of a February 29, 2012 letter from an SHA Inspection Scheduler setting an inspection for March 7, 2012. Dkt. No. 6 at 19. Any claims based on this March 2012 inspection are untimely. *See Boston v. Kitsap Cnty.*, 852 F.3d 1182, 1185 (9th Cir. 2017).

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE - 4

of hardships tips sharply' in their favor, provided that Plaintiffs also demonstrate irreparable harm and that the injunction is in the public interest." (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011))); *Padayachi v. Indymac Bank*, No. C09-5545-JF, 2010 WL 1460309, at *7 (N.D. Cal. Apr. 9, 2010) (plaintiff was not entitled to injunctive relief because his complaint failed to state a claim). Nor for the same reason is Mr. Robey "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court will, however, permit Mr. Robey an opportunity to cure the deficiencies in his complaint. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)). Accordingly, the Court grants Mr. Robey 20 days to file an amended complaint that satisfies the foregoing pleading standard and corrects the identified deficiencies. If Mr. Robey fails to timely comply with this order or fails to file an amended complaint that corrects the noted deficiencies and meets the required pleading standards, the Court will dismiss his complaint with prejudice.

## IV. CONCLUSION

The Court DENIES Mr. Robey's Motion for Injunction and Restraining Orders, Dkt. No. 4, and Motion for Summary Judgment, Dkt. No. 7. The Court further DISMISSES Mr. Robey's complaint without prejudice and with leave to amend within 20 days of the date of this Order.

The Clerk is directed to send an uncertified copy of this Order to Mr. Robey at his last known address.

Dated this 1st day of June, 2022.

Lauren King
United States District Judge