UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM ROBEY,<br><br>                    Plaintiff,<br><br>           v.<br><br>CITY OF SEATTLE, et al.,<br><br>                    Defendants. | CASE NO. 22-CV-00685-LK<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE |

This matter comes before the Court on Plaintiff William Robey's Amended Complaint. Dkt. No. 10. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). On June 1, 2022, the Court dismissed Plaintiff's first complaint without prejudice and with leave to amend because he failed to state a claim on which relief can be granted. Dkt. No. 8 at 4–5; *see* 28 U.S.C. § 1915(e)(2)(B)(ii). Because his amended complaint does not cure the deficiencies in his original complaint, the Court dismisses this case with prejudice. *See* Dkt. No. 8 at 5.

In Plaintiff's amended complaint, he advances two theories that he presented in his original complaint and adds two new theories. As in his original complaint, his amended complaint asserts that a biennial home inspection scheduled by the Seattle Housing Authority ("SHA") violates the

ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE - 1

Fourth Amendment and constitutes kidnapping. Dkt. No. 10 at 2–3. For the reasons stated in this Court's previous order, Dkt. No. 8, these assertions fail to state a claim and therefore must be dismissed. The Court next addresses Plaintiff's new legal theories.

First, Plaintiff suggests that the contract between his landlord and SHA pursuant to the Housing Choice Voucher Program is illegal and thus void. Dkt. No. 10 at 1. But Plaintiff does not explain his basis for asserting that the contract is illegal or otherwise supply the necessary factual support to transform his allegations into plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, this claim must be dismissed.

Second, Plaintiff recasts his Fourth Amendment claim as one arising under Washington's analogous constitutional provision, which mandates that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." Wash. Const. art. I, § 7; *see* Dkt. No. 10 at 2. This provision "is qualitatively different from the Fourth Amendment and provides greater protections." *State v. Muhammed*, 451 P.3d 1060, 1069 (Wash. 2019). But the Court need not and does not opine on the substantive merits of this claim because the Court lacks jurisdiction over it, even assuming (without deciding) that Plaintiff has provided facts sufficient to state a claim under Article I, Section 7 of the Washington State Constitution.

"[D]istrict courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005). Their jurisdiction is generally confined to (1) claims "arising under the Constitution, laws, or treaties of the United States" or (2) claims between citizens of different States when the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). These types of claims are generally referred to as federal law claims. Although the Court may exercise supplemental jurisdiction over state law claims that accompany federal law claims in a complaint, the Supreme Court has cautioned against it in circumstances like these. Specifically, if the plaintiff's federal law claims are eliminated before trial, the factors

to be considered in determining whether to exercise such jurisdiction over state law claims—judicial economy, convenience, fairness, and comity—usually "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). That is the case here. Plaintiff's legal theory under federal law fails to state a claim, meaning his state constitutional claim is the only possibly viable claim before the Court. Heeding the Supreme Court's admonition that "[n]eedless decisions of state law should be avoided" by federal courts, the Court will not exercise jurisdiction over Plaintiff's state constitutional claim. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

Plaintiff has also embedded in his amended complaint motions for a preliminary injunction, "continuance of this case," and "transfer under FRCP 27."[1] Dkt. No. 10 at 5. The Court denies these requests. For the reasons explained in the Court's previous Order, Plaintiff is not entitled to injunctive relief. Dkt. No. 8 at 4–5. Nor is he entitled to a continuance or transfer. The Court has screened his amended complaint and found that it fails to state a claim. Therefore, pursuant to section 1915(e)(2)(B), there is no case to transfer and there is no case schedule to continue.[2]

The Court stated that it would dismiss Plaintiff's case with prejudice if he failed to "file an amended complaint that correct[ed] the noted deficiencies and me[t] the required pleading standards[.]" Dkt. No. 8 at 5. Accordingly, the Court DISMISSES his amended complaint with prejudice. The Clerk is directed to send uncertified copies of this Order to Plaintiff at his last known address.

---

[1] Federal Rule of Civil Procedure 27 relates to perpetuation of testimony.

[2] Twenty-one days after Plaintiff filed his amended complaint, he filed a "Federal Criminal Complaint." Dkt. No. 11. The Court construes this as an improper second amended complaint and strikes it. *See* Fed. R. Civ. P. 15(a)(2) (after first amended complaint, a party may amend its pleadings "only with the opposing party's written consent or the court's leave").

Dated this 12th day of July, 2022.

*Lauren King*
Lauren King
United States District Judge

ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE - 4